FILED

98 MAR 18 PM 3: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

| | |
|---|---|
| Judy George, )  <br> Plaintiff(s); ) <br> ) <br> -vs.- ) <br> ) <br> Mercedes-Benz U.S. Int'l, Inc., et al., ) <br> Defendant(s). ) | No. CV 97-P-3223-W |

**ENTERED**

MAR 1 9 1998

### Opinion

Defendant Dr. Peter Casten's Motion to Dismiss was considered by the court at its March 13, 1998 motion docket. For the reasons stated below, the motion to dismiss is due to be GRANTED.

### Statement of Facts[1]

In August 1994, plaintiff applied for a position with defendant Mercedes-Benz U.S. International, Inc. ("MBUSI"). In September 1996, MBUSI gave plaintiff a written conditional job offer for a position as a Team Member for the Paint Shop, with a start date of October 7, 1996. The job offer was contingent upon plaintiff's passing of a medical exam and a drug test.

On September 13, 1996, plaintiff reported for a physical examination by Dr. Peter Casten at the DCH Center for Occupational Health.[2] In the course of completing paperwork relating to the examination, plaintiff reported that she had had surgery for carpal tunnel syndrome in 1990.

On September 19, 1996, personnel from Dr. Casten's office informed plaintiff that she

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the Plaintiffs.

2. DCH provided medical evaluation services for MBUSI pursuant to a contract.

would be required to take a nerve test in connection with her MBUSI job application. Later that day, plaintiff reported for the nerve test.

On September 20, 1996, Dr. Casten prepared a Physical Exam Report Summary. That summary, which was later provided to MBUSI, indicated that, due to a right median neuropathy at the wrist confirmed during the September 19, 1996 nerve test, plaintiff should "avoid hand intensive heavy manual labor involving hi force, hi repetition."

On October 4, 1996, MBUSI informed plaintiff that the medical restrictions contained in Dr. Casten's report necessitated withdrawal of MBUSI's offer to plaintiff of a position in the paint shop. Although MBUSI indicate that it would continue to consider plaintiff for other employment opportunities, no position with MBUSI has ever been offered to plaintiff.

Plaintiff filed this action under Title VII and the Americans With Disabilities Act ("ADA") on December 17, 1997, naming as defendants both MBUSI and Dr. Casten.

## Analysis

In the Eleventh Circuit, plaintiffs may not bring claims against individuals under Title VII. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (Individuals "cannot be held liable under the ADEA or Title VII). Nor can plaintiffs bring claims against individuals under the ADA. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("The plaintiff argues for individual liability because the definition of employer includes 'any agent of such person.' We agree with the Seventh Circuit that the 'agent' language was included to ensure *respondeat superior* liability of the employer for the acts of its agents, a theory of liability not available under

42 U.S.C. § 1983 claims").

Although plaintiff's counsel makes much of the fact that plaintiff has sued Dr. Casten "in his official capacity only," and not in his individual capacity, this court concludes that plaintiff's argument raises a distinction without a difference. The Eleventh Circuit cases cited above are clear in their conclusions that individual decision makers—a plaintiff's coworker, or supervisor, or a company vice president—cannot be found liable for violations of Title VII or the ADA. Those statutes, as interpreted by the Eleventh Circuit, provide that unlawful discrimination by employees or agents may be remedied by suit against the *employer* only. With regard to the issue presently before the court, it is irrelevant whether Dr. Casten acted in his "individual" capacity, in his "official" capacity, as an employee of MBUSI, or as an agent of MBUSI.[3] Because plaintiff's claims are based only on Title VII and the ADA, her claims against Dr. Casten are due to be dismissed.

Dated: March 18, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. James J. Jenkins
    Ms. Deborah A. Mattison
    Ms. Sandra B. Reiss

---

3. Although plaintiff has made a motion pursuant to Federal Rule of Civil Procedure 56(f), requesting that the court continue consideration of MBUSI's motion and allow plaintiff to obtain discovery concerning the relationship between MBUSI and Dr. Casten, the court has concluded that such discovery would not be relevant to its decision on the present motion. Accordingly, plaintiff's 56(f) motion is due to be DENIED.